UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YOUSSEF HATTANI, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:06-CV-1942 (PCD) |
| | : | |
| BJ'S WHOLESALE CLUB, INC., | : | |
| Defendant. | : | |

## RULING ON PLAINTIFF'S MOTION TO QUASH

Plaintiff Youssef Hattani has filed this action against Defendant BJ's Wholesale Club, Inc. ("BJ's") alleging that he was wrongfully discharged from his employment at BJ's and discriminated against based on his religious background and national origin. On February 9, 2007, Plaintiff moved to quash the subpoenas served by Defendant on Winn-Dixie and Wachovia on February 5, 2007 [Doc. No. 21]. Plaintiff argues that Defendant's subpoenas are overbroad and irrelevant to the issues of Plaintiff's discharge from BJ's and alleged resulting damages. For the following reasons, Plaintiff's motion is **denied.**

This Court does not have jurisdiction to quash or modify the Winn-Dixie or Wachovia subpoenas, neither of which this Court issued. The subpoena issued to Winn-Dixie was issued by the United States District Court for the Middle District of Florida, and the subpoena issued to Wachovia was issued on behalf of the United States District Court for the Western District of North Carolina. According to Rule 45 of the Federal Rules of Civil Procedure, "[t]he court *on behalf of which the subpoena was issued* shall enforce" a party's duty to serve the subpoena without undue burden on the person subject to the subpoena, FED. R. CIV. P. 45(c)(1) (emphasis added), and "the court *by which a subpoena was issued*" may quash or modify a subpoena under the appropriate circumstances. FED. R. CIV. P. 45(c)(3)(A) (emphasis added). See also 9

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (2007) ("It is the issuing court that has the necessary jurisdiction over the party issuing the subpoena and the person served with it to enforce the subpoena."). Because the proper court to enforce a subpoena is the one which issued the subpoena, Torres v. Howell, No. 3:03-CV-2227 (MRK), 2004 WL 2901539, at * 4 (D. Conn. Dec. 6, 2004), only the Court for the Middle District of Florida and from the Court for the Western District of North Carolina can quash the subpoenas of Winn-Dixie and Wachovia respectively. Accordingly, this Court denies Plaintiff's motion.

      SO ORDERED.

      Dated at New Haven, Connecticut, this __20th__ day of March, 2007.

                                             /s/
                            Peter C. Dorsey, U.S. District Judge
                            United States District Court